IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

IN RE: JUDY LYNN KASTL, Debtor               No. 2:13-bk-70057
                                             Ch. 7

ORDER AND OPINION OVERRULING OBJECTIONS TO EXEMPTIONS

Before the Court are two objections to exemptions: the objection filed on February 18, 2013, by chapter 7 trustee R. Ray Fulmer, II [trustee], and the objection filed on May 10, 2013, by creditor David Ludwig [creditor]. On June 5, 2013, the Court held a hearing on the objections. At the conclusion of the hearing, the Court took the objections under advisement. For the reasons stated below, the Court overrules the objections to the debtor's exemptions. The Court has jurisdiction over this matter under 28 U.S.C. §1334 and 28 U.S.C. §157 and it is a core proceeding under 28 U.S.C. § 157 (b)(2)(B). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rules of Bankruptcy Procedure 7052 and 9014.

**Background**

On August 24, 2012, the debtor transferred to her daughter and son-in-law, Tracy and Jack Coughran [the Coughrans], 80 acres of land contiguous to the debtor's then-residence, a house sitting on 12.6 acres. After the debtor transferred the 80 acres to the Coughrans, she met with an attorney about filing bankruptcy. The attorney advised the debtor that if she decided to file bankruptcy, a trustee could view her transfer of the 80 acres as improper and set it aside. On December 13, 2012, the Coughrans transferred the 80 acres back to the debtor. Subsequently, the debtor moved from her house on the 12.6 acres to a trailer located on 80 acres. On January 7, 2013, the debtor filed the above captioned chapter 7 case. On Schedule A--Real Property--the debtor listed a "[trailer] permanently anchored to approximately 80 acres." The debtor listed the value of the 80

acres as $100,000.00, and, on Schedule C--Property Claimed as Exempt--exempted the 80 acres under the Arkansas state homestead exemption. Also on Schedule A, the debtor listed the house and 12.6 acres where she previously resided but did not claim a corresponding exemption on Schedule C.[1] The debtor listed her marital status as "divorced" and stated that she had no dependents. On February 15, 2013, the debtor testified at her 341(a) meeting that she was currently living alone and that she was living alone when she filed her chapter 7 bankruptcy case. The trustee and the creditor filed objections to the debtor's exemptions on February 18 and May 10, respectively. Specifically, the trustee and the creditor object to the debtor's use of the Arkansas homestead exemption to exempt the 80 acres because the debtor was not married or the head of a family when she claimed the exemption on January 7. In response, the debtor argues that she is entitled to claim the Arkansas homestead exemption because her allegedly dependent 32-year old daughter, Wendy, joined her in the trailer on the 80 acres sometime after the debtor had moved there, filed her chapter 7 bankruptcy case, and attended her 341(a) meeting. Alternatively, the debtor argues that, although she was living alone when she claimed the exemption in the 80 acres, the 80 acres is simply another area of the larger homestead that she previously established in the house and 12.6 acres contiguous to the 80 acres. The trustee and the creditor contend that the debtor destroyed any potential homestead claim she could have asserted in the 80 acres (based upon its proximity to the 12.6 acres and house) when she transferred the 80 acres to the Coughrans, evidencing her alleged intent to abandon the 80 acres as part of her homestead.

**Findings of Fact and Conclusions of Law**

In Arkansas, when a debtor files bankruptcy, she may elect federal or state law exemptions. Ark. Code Ann. § 16-66-217. Because the debtor in the current case elected

---

[1] In a prior chapter 13 bankruptcy case filed by the debtor on April 13, 2011, and voluntarily dismissed on August 11, 2011, the debtor listed the house and 12.6 acres on Schedule A, and exempted it on Schedule C under 11 U.S.C. § 522(d)(1), the federal exemption provided for a debtor's primary residence.

2

the Arkansas state exemptions, the Court must determine whether the debtor met the requirements necessary to claim the 80 acres as her homestead under Arkansas law on the date that she claimed the exemption--January 7, 2013. Under Arkansas law, a resident of the state may claim a homestead in the property where she resides if she is married or the head of a family. Ark. Const. art. 9, § 3. A rural homestead may "not exceed[] one hundred sixty acres of land, with improvements thereon, to be selected by the owner; Provided, The same shall not exceed in value up to two thousand five hundred dollars, and in no event shall the homestead be reduced to less than eighty acres without regard to value."[2] Ark. Const. art. 9, § 4. In Arkansas, there is a presumption that once a homestead has been established, it continues until it has been abandoned, and abandonment is a question of intention determined by the facts of each case. *City Nat'l Bank v. Johnson*, 96 S.W.2d 482, 484 (Ark. 1936). The trustee and the creditor, as the parties claiming that the debtor abandoned her homestead, have the burden of proving the abandonment. *Smith v. Flash TV Sales & Serv., Inc.*, 706 S.W.2d 184, 187 (Ark. Ct. App. 1986). Because homestead exemptions are to be liberally construed in favor of the exemption, the Court must resolve all presumptions in favor of preserving the debtor's homestead. *In re Ellis*, 456 B.R. 401, 404 (Bankr. E.D. Ark. 2011) (*citing In re Warnock*, 323 B.R. 249, 252 (Bankr. E.D. Ark. 2005) (citations omitted)).

At the June 5 hearing, the debtor testified that in December 2012, she and her adult daughter, Wendy, were living together in the house located on the 12.6 acres. The debtor testified that after the Coughrans reconveyed the 80 acres to her on December 13, 2012, she moved to the trailer while Wendy stayed in the house until the remainder of their belongings could be transferred to the trailer. The debtor admitted that she moved to the trailer alone and was still living there alone when she filed her chapter 7 bankruptcy case on January 7, 2013. The debtor argues that she established a homestead in the 80 acres at some point after January 7, when Wendy moved into the trailer on the 80 acres with her.

---

[2] Neither the trustee nor the creditor disputed that the 80 acres claimed by the debtor qualifies as rural property for purposes of the Arkansas homestead exemption.

3

Because bankruptcy exemptions are "'fixed on the date of filing' and 'only . . . the law and facts as they existed on the date of filing the petition' are to be considered," the Court cannot consider circumstances that arose after January 7, 2013. *In re Warnock*, 323 B.R. at 252 (quoting *In re Jones*, 193 B.R. 503, 507 (Bankr. E.D. Ark. 1995)). However, despite the debtor being unmarried and living alone on January 7, 2013, the Court finds that the debtor is entitled to claim the 80 acres as her homestead for the reasons explained below.

During the June 5 hearing, the debtor, a divorced Arkansas resident, testified that she raised her children in the house located on the 12.6 acres that are contiguous to the 80 acres where she now lives. Based upon the debtor's uncontroverted testimony, her schedules and statements in this case and her prior case, and the arguments of counsel, the Court finds that the debtor acquired a homestead in the house and 12.6 acres under Arkansas law because she raised her dependent children there and was the head of her family.[3] The debtor was still residing on her established homestead when she reacquired the contiguous 80 acres from the Coughrans. Under Arkansas law, a person may enlarge an established homestead by acquiring contiguous property. *Kulbeth v. Drew County Timber Co.*, 188 S.W. 810, 815 (Ark. 1916). Therefore, the Court finds that when the debtor acquired the 80 acres contiguous to her homestead on the 12.6 acres, she enlarged her homestead to encompass both properties. *Id.* The Court also finds that the debtor did not express an intent to abandon the 80 acres as her homestead when she transferred it to the Coughrans, as there is no evidence before the Court that the debtor had claimed the 80 acres as her homestead prior to her transfer of that property to the Coughrans. Rather, the 80 acres only became part of the debtor's homestead when the Coughrans transferred

---

[3] Neither the trustee nor the creditor rebutted the debtor's testimony that established the elements necessary for the debtor to acquire a homestead in the house and 12.6 acres. In fact, the creditor argued in his objection and at the June 5 hearing that the debtor should be bound by the information contained in the schedules and statements of her previous bankruptcy (filed on April 13, 2011) which indicated that the debtor's homestead consisted of the house and the 12.6 acres at the time.

it back to her, resulting in the debtor's acquisition of land contiguous to her existing homestead in the 12.6 acres.

The Court further finds that the debtor has continuously lived on some part of her homestead since she established it, and has, therefore, retained her homestead despite her children reaching the age of majority, moving out, and returning to live with the debtor only intermittently. *Middleton v. Lockhart*, 43 S.W.3d 113, 121 (Ark. 2001) (holding that a homestead, once established, is not terminated because children reach the age of majority and depart); *Jones v. Thompson*, 166 S.W.2d 1036, 1041 (Ark. 1942) (when a family is broken up, whether by separation or death, the right of homestead continues in the former head of the family, provided she still resides on the property).

**Conclusion**

In summary, the Court finds that after the debtor acquired her homestead in the 12.6 acres, she expanded her homestead by acquiring the contiguous 80 acres, she has lived on her homestead continuously, and her homestead did not terminate simply because her children reached the age of majority and she now lives alone. The Court finds that the debtor is entitled to exempt the portion of her homestead that she has elected to retain (the 80 acres) pursuant to the Arkansas homestead exemption, and overrules the trustee's and the creditor's objections to the debtor's exemptions.[4]

IT IS SO ORDERED.

Ben Barry
United States Bankruptcy Judge
Dated: 08/15/2013

---

[4] Under the Arkansas homestead exemption, the debtor may retain 80 rural acres without regard to value. Ark. Const. art. 9, § 4. Because the debtor's fee simple interest in 92.6 acres (the 12.6 acres enlarged by the 80 acres) exceeded the 80 acre limit allowed under the Arkansas Constitution, the debtor appropriately elected to claim only 80 acres exempt. *See Grimes v. Luster*, 84 S.W.223, 224 (Ark. 1904).

cc:     Craig R. Cook, attorney for debtor
        R. Ray Fulmer, II, chapter 7 trustee
        Robert R. Cloar, attorney for creditor